954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William J. JORDAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3186.
 United States Court of Appeals, Federal Circuit.
 Jan. 17, 1992.
 
 Before NIES, Chief Judge and PLAGER and ALARCON*, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 William R. Jordan petitions for review of a decision of the Merit Systems Protection Board (Board), No. DE315H9110082, that dismissed his case for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Jordan is a veterans preference eligible who received an excepted appointment subject to a one-year trial period as a clerk-typist for the Department of Veterans Affairs. Within the trial period, Jordan was removed for failure to request leave prior to leaving work and for absence without leave. The Board found that Jordan had failed to show that his removal was within the jurisdiction of the Board and dismissed the case.
 
 Pursuant to 38 U.S.C. § 2014(b)(1)(D):
 
 3
 [A] veteran given an appointment under the authority of this subsection whose employment under the appointment is terminated within one year after the date of such appointment shall have the same right to appeal that termination to the Merit Systems Protection Board as a career or career-conditional employee has during the first year of employment.
 
 
 4
 Pursuant to 5 CFR § 315.804, an agency may terminate an employee who is given a career or career-conditional appointment and is serving a trial period because of his work performance or conduct. In turn, 5 CFR § 315.806(b) and (c) provide that such an employee may appeal to the Board only if the employee alleges the termination was based on "partisan political reasons or marital status" or that the termination was not effected in accordance with the prescribed procedural requirements.
 
 
 5
 Jordan did not allege before the Board nor does he argue here that his termination was based on partisan political reasons or marital status or that the proper procedural requirements were not followed. Hence, the Board properly determined that Jordan did not show that his was a case that the Board could consider. Further, the Board properly determined that an allegation of discrimination, in the absence of an otherwise appealable action, was insufficient to bring the matter within the jurisdiction of the Board. Cruz v. Department of Navy, 934 F.2d 1240 (Fed.Cir.1991) (in banc). Accordingly, the Board properly dismissed Jordan's case for lack of jurisdiction.
 
 
 
 *
 Circuit Judge Arthur L. Alarcon of the United States Court of Appeals for the Ninth Circuit, sitting by designation